# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2013

Lyle W. Cayce
Clerk

No. 12-30261
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD RAY FRANK, also known as Bumper,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-27-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Ray Frank appeals his conviction for one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine. He argues that the district court erred by failing to give an "informant" jury instruction and a "missing witness" jury instruction.

The jury heard recorded conversations between Frank and a paid confidential informant (CI), and although Frank acknowledges that the CI did not testify, Frank contends that the jury should have been instructed that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

CI's evidence must be weighed and examined by the jury with greater care and caution than the testimony of an ordinary witness. *See United States v. Garcia*, 528 F.2d 580, 587-88 (5th Cir. 1976). Frank also argues that the district court should have instructed the jury that he was entitled to an adverse inference because the Government did not call the CI to testify.

This court reviews a district court's decision not to provide a requested jury instruction "under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *United States v. Rios*, 636 F.3d 168, 171 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 132 S. Ct. 267 (2011). A defendant's conviction will be reversed on a jury charge claim only if the defendant's requested instruction "(1) is substantively correct; (2) is not substantially covered in the charge given to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present effectively a particular defense." *United States v. Lucas*, 516 F.3d 316, 324 (5th Cir. 2008) (internal quotation marks and citation omitted). An abuse of discretion occurs "only when the failure to give a requested instruction serves to prevent the jury from considering the defendant's defense." *United States v. Hunt*, 794 F.2d 1095, 1097 (5th Cir. 1986).

Frank has failed to demonstrate that the district court abused its discretion in refusing to give the informant instruction. First, the CI did not testify to the jury. *See Garcia*, 528 F.2d at 587-88. Even if an informant instruction might be appropriate in such a case, the CI's testimony was corroborated by surveillance, recordings of Frank negotiating the purchase of cocaine, and testimony of law enforcement agents at trial. Thus, the CI's information was not uncorroborated. *Cf. Garcia*, 528 F.2d at 587-88.

In addition, the lack of an informant instruction did not prevent the jury from considering Frank's defense. *See Hunt*, 794 F.2d at 1097. In particular, the jury heard testimony regarding the amounts paid to the CI and that the

Government had stopped using him as a CI for several years because he had perjured himself in a number of trials. In addition, in closing arguments, Frank vociferously attacked the CI's credibility. The district court also instructed the jury regarding the credibility of witnesses, suggesting that the jury should consider whether the witness had a personal interest in the outcome of the case or a relationship with the Government. Based on the foregoing, Frank has not shown that the district court abused its discretion in refusing to give an informant instruction. *See Hunt*, 794 F.2d at 1097.

Likewise, Frank has not shown that the district court abused its discretion in failing to give a missing witness instruction. Frank continually reminded the jury that the Government did not call the CI to testify and argued that the reason was because the CI was untruthful. Thus, Frank was not prevented from presenting his defense. *See Hunt*, 794 F.2d at 1097; *United States v. Olivarez*, No. 92-7791, 1994 WL 93297, *1 (5th Cir. Mar. 14, 1994) (unpublished but precedential, *see* 5TH CIR. R. 47.5.3). In addition, in light of all the other evidence and testimony, any testimony by the CI would have been cumulative and corroborative; a missing witness jury instruction was, therefore, not justified. *See United States v. Jennings*, 724 F.2d 436, 446 (5th Cir. 1984).

The judgment of the district court is AFFIRMED.